RIMON, P.C.
Vijay Toke (SBN )
vijay.toke@rimonlaw.com
423 Washington Street, Suite 600
San Francisco, California 94111
Telephone: 415.683.5472
Facsimile: 415.683.5472

Attorneys for Plaintiff, Akrura Pte. Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AKRURA PTE. LTD., a Singapore company,,<br><br>Plaintiff,<br><br>v.<br><br>WAVEZ TECHNOLOGY COMPANY, LTD.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)   FEDERAL COPYRIGHT INFRINGEMENT**<br>**(2)   FEDERAL UNFAIR COMPETITION**<br>**(3)   CALIFORNIA UNFAIR COMPETITION**<br>**(4)   UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AKRURA PTE. LTD. ("Plaintiff"), by and through its attorneys of record, alleges the following against Defendant, WAVEZ TECHNOLOGY, LTD. ("Defendant") upon information and belief:

## THE PARTIES

1.  Plaintiff has its principal place of business at 7 One-North Gateway, #01-03, Singapore 138642.

2.  Plaintiff is the creator and copyright owner of the Blood Pressure mobile application ("BP App") and offers BP App on Google Play through the QR Code Scanner developer account.

3.  Defendant WAVEZ TECHNOLOGY, LTD ("WAVEZ") has its principal place of business at Golden Palace, 2nd Floor, Tower A, Bldg D. Me Tri, Nam Tu Liem, Hanoi 129406, Vietnam.

4.  WAVEZ offers the infringing Blood Pressure Tracker mobile application ("Heart Monitor Blood Pressure Tracker App") on Google Play through its developer account.

5.  Upon information and belief, Defendant offers mobile applications on Google Play and it is owned by or related to WAVEZ.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (action arising under an Act of Congress relating to copyrights).

7.  This action is brought under the Copyright Act of 1976, as amended (17. U.S.C. § 101 *et seq*.) and as applicable though the Berne Convention and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

8.  The Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a) in that they are related to the federal claims and arise from the same nucleus of operative facts.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is the judicial district where: (i) Defendant is conducting business and committing copyright infringement and other illegal acts, giving rise to the referenced claims; and (ii) Defendant is subject to personal jurisdiction.

10. Defendant is not a resident of the United States. Therefore, pursuant to 28 § U.S.C. 1391(c)(3), Defendant may be sued in any judicial district, including this District.

11. Defendant's infringing mobile application is available throughout the United States. Notably, after Plaintiff had launched its BP App and generated considerable user traffic and advertising income, Defendant surreptitiously launched the infringing BP Tracker App ("Infringing App") using the same content as Plaintiff's product and targeting the same consumers.

12. As a result, consumers in this District have been downloading Defendant's Infringing App, and Defendants have been compensated by the advertising income generated by Defendant's illegal activities.

13. Defendant thus purposefully availed itself of the benefits of this District. And Defendant has wrongfully injured Plaintiff by soliciting and transacting their illegal business with the stolen copyrighted content in this District.

## BACKGROUND FACTS

14. On November 17, 2021, Plaintiff released the BP App on Google Play and quickly started generating considerable user traffic and resulting advertising income.

15. On information and belief, some time prior to March 10, 2023, WAVEZ released the infringing BP Tracker App on Google Pay using the same content as on Plaintiff's BP App and targeting the same consumers on Google Play.

16. On or about March 10, 2023, Plaintiff discovered the infringing BP Tracker App on Google Play. After comparing the two mobile applications, Plaintiff determined that the infringing BP Tracker had copied the language and interface layout of the BP App.

17. On March 20, 2023, Plaintiff submitted to Google a DMCA Takedown Request, which was assigned Case No. 1-0266000033826. In the DMCA Takedown Request, Plaintiff explained that WAVEZ had copied the BP App language word for

word. In support of its statement, Plaintiff submitted a side-by-side comparison of the two mobile applications clearly showing that WAVEZ was using Plaintiff's content, including the language and the interface layout. *See* **Exhibit A.**

18. On March 20, 2023, Google responded stating Google had taken action for the DMCA Takedown Requests and removed the Blood pressure tracker.

19. On March 23, 2023, Google notified Plaintiff that WAVEZ had submitted a counter notification, as described in 17 U.S.C. § 512(g). Google also advised Plaintiff that Google would reinstate the infringing BP Tracking App unless Plaintiff filed a lawsuit or a claim of infringement against WAVEZ with the U.S. Copyright Office Copyright Claims Board within 10 business days from the December 23, 2022 notice.

20. In response, Plaintiff retained counsel and proceeded to prepare to file its lawsuit against WAVEZ.

21. Defendant's continuing to offer the Infringing Apps is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## FIRST CLAIM

### Copyright Infringement (17 U.S.C. §§ 106 et seq. and 501)

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

23. Plaintiff is the creator and copyright owner of the BP App.

24. Plaintiff's copyrighted BP App is not a "United States work" pursuant to 17 U.S.C. § 101 and is not subject to the registration requirement under 17 U.S.C. § 411(a). However, Plaintiff has registered the copyright in the BP App, which was effective as of December 19, 2022 and received Registration No. TX 9-22-420. A copy of the copyright registration is attached as **Exhibit B**.

25. Plaintiff's copyrighted BP App is available to Defendants on the internet, and Defendant have access to it.

26. Defendants used the content of Plaintiff's BP App, including its language and interface layout, to create the BP Tracker App.

27. A side-by-side comparison of Plaintiff's BP App and Defendants' BP Tracker App shows that Defendants copied the content of Plaintiff's BP App and that the two products contain identical language excerpts and are substantially similar. *See* **Exhibit A.**

28. Plaintiff did not authorize Defendant to copy the content of Plaintiff's copyright-protected BP App. Defendant thus unlawfully appropriated Plaintiff's protectable expression and created an infringing copycat app that infringes Plaintiff's valuable content.

29. Defendant's infringing conduct violates 17 U.S.C. §§ 106(1)-(3), (5) and 17 U.S.C. § 501(a).

30. Defendant damaged Plaintiff by intentionally copying Plaintiff's valuable and original content and using counterfeits to target the same consumers and tap into Plaintiff's previously generated user traffic and related advertising income.

31. Defendant also damaged Plaintiff by offering its inferior copycat and counterfeit apps to Plaintiff's consumer base and causing a current and long-term reputational damage to Plaintiff.

32. Although Plaintiff advised defendant WAVEZ that WAVEZ was infringing Plaintiff's copyrighted BP App, WAVEZ disregarded Plaintiff's notice and continued to infringe. WAVEZ's infringing activity was thus willful, intentional and purposeful.

33. Defendant has damaged Plaintiff in an amount to be determined at trial, or at Plaintiff's option prior to entry of judgment, Plaintiff is entitled to statutory damages in an amount to be determined.

34. Unless enjoined and restrained by the Court, Defendant's conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be

compensated by monetary damages. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's copyrighted work.

## SECOND CLAIM

### Unfair Competition (Lanham Act Sec. 43(a), 15 U.S.C. § 1125)

35. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

36. Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a) by offering on the internet a copycat, counterfeit version of Plaintiff's original copyrighted BP App in a manner that is likely to cause and have caused confusion as to the origin, sponsorship and approval of such products.

37. Unless enjoined and restrained by the Court, Defendant's conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages. Plaintiff has no remedy at law.

38. Plaintiff is entitled to recover three times Defendant's profits, any damages sustained by Plaintiff, and the cost of this action pursuant to 15 U.S.C. § 1117(a).

39. Defendant's willful, deliberate and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorneys' fees.

## THIRD CLAIM

### Unfair Competition (California Business & Professions Code § 17200 *et seq*.)

40. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

41. Defendant has infringed Plaintiff's copyright by offering to the same consumers confusingly similar mobile applications.

42. Defendant's acts are wrongful, knowing, willing and malicious.

43. Defendant's acts constitute unfair competition under California law.

44. Unless enjoined and restrained by the Court, Defendant's conduct is causing and will continue to cause Plaintiff irreparable injury that cannot be compensated by monetary damages.

45. Defendant has acted with malice, oppression and fraud, as defined in California Civil Code § 3294.

46. Defendant has acted with complete disregard to Plaintiff's rights and with the intent to cause injury to Plaintiff, warranting punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar wrongful conduct.

### FOURTH CLAIM

### Unjust Enrichment

47. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

48. As a result of Defendant's infringing activities against Plaintiff, Defendant has been unjustly enriched by tapping into Plaintiff's stream of income from the same consumer base and taking away from Plaintiff's revenue.

49. There is no express contract between Plaintiff and Defendant that would allow Plaintiff to recover any damages.

50. Defendant has retained the benefit of the unjust enrichment. Plaintiff is entitled to recover from Defendant the amount by which Defendant was unjustly enriched, including profits and advantages that Defendant has gained as a result of their infringing conduct.

51. Plaintiff is entitled to recover damages based on Defendant's unjust enrichment in an amount to be proven at trial.

### PRAYER FOR RELIEF

52. Accordingly, Plaintiff prays for judgment against Defendant as follows:

    a) A judgment in favor of Plaintiff against Defendant on all claims;

      b)    That pursuant to 17 U.S.C. § 502, the Court issue a preliminary and permanent injunction enjoining and restraining Defendant from offering Defendant's infringing mobile applications with any of Plaintiff's original copyright-protected content;

      c)    That the Court award Plaintiff damages sufficient to compensate Plaintiff for Defendant's wrongful conduct, including at Plaintiff's option prior to entry of judgment statutory damages under the Copyright Act;

      d)    That pursuant to 15 U.S.C. § 1117(a), the Court award Plaintiff three times Defendant's profits, any damages sustained by Plaintiff, and the cost of this action;

      e)    That the Court award Plaintiff reasonable attorneys' fees under either the Copyright Act or the Lanham Act, or both;

      f)    That the Court award Plaintiff pre-judgement and post-judgment interest; and

      g)    That the Court award Plaintiff such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all triable issues.

Dated:  April 5, 2023                        RIMON, P.C.

By: */s/ Vijay Toke*
Vijay Toke
Attorneys for Plaintiff, AKRURA PTE. LTD.